IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANCHOR PACKAGING, INC., | Case No.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MULLINIX PACKAGES, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Anchor Packaging, Inc. alleges as follows for its Complaint against Defendant Mullinix Packages, Inc.:

### Parties

1.      Plaintiff Anchor Packaging, Inc. ("Anchor") is a Missouri corporation with a principal place of business in St. Louis, Missouri.

2.      Defendant Mullinix Packages, Inc. ("Mullinix") is an Indiana corporation with a principal place of business in Fort Wayne, Indiana.

### Jurisdiction and Venue

3.      This is an action for patent infringement, and Anchor's claims in this action arise under the patent laws of the United States, 35 U.S.C. § 1 et seq.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Mullinix at least because Mullinix's infringing trays, packages for deli meats, are sold and offered for sale at numerous grocery stores throughout Missouri, including in St. Louis, Missouri. Mullinix is also subject to personal

jurisdiction in Missouri because it has a continuous and systematic business presence in Missouri—in addition to the Missouri contacts set forth above, and, on information and belief, Mullinix regularly transacts other business in and/or with targeted or foreseeable effects in Missouri.

6.      Venue is proper in the Eastern District of Missouri under 28 U.S.C. §§ 1391 and 1400(b) in that a substantial part of the events giving rise to the cause of action occurred here, and Mullinix is subject to personal jurisdiction here.

### Anchor's Design Patents

7.      Anchor is a global designer, manufacturer, and supplier of food packaging products and systems, including polypropylene and polyethylene terephthalate ("PET") containers, food-service films, and aluminum foil products.

8.      Anchor owns numerous U.S. patents that protect aspects of its packaging business, including the patent described in the following paragraph (the "Asserted Patent").

9.      On October 20, 2015, the United States Patent Office duly and legally issued U.S. Design Patent No. D741,166 ("the '166 Patent), titled *Plastic Food Tub*.  A copy of the '166 Patent is attached as Exhibit A.

10.     Anchor owns by assignment all rights, title, and interest in and to the '166 Patent and has the right to sue and recover for past, present, and future infringement.

11.     The '166 Patent is valid and enforceable.

### Mullinix's Infringing Acts

12.     Mullinix has made, used, sold, and offered for sale in the United States—and continues to make, use, sell, and offer for sale in the United States—one or more trays used

as packaging for deli meats sold under at least the house brand ("the Accused Products") of a supermarket chain, the design of which is covered by the claim of the Asserted Patent.

13.     Mullinix's infringing acts will continue unless restrained by the Court.

## COUNT I

### Infringement of the '166 Patent

14.     Anchor incorporates the preceding paragraphs as if set forth fully in this paragraph.

15.     Mullinix's manufacture, use, sale, and/or offer for sale of the Accused Products in the United States infringes the '166 Patent literally or under the doctrine of equivalents.

16.     As a direct and proximate result of Mullinix's infringement of the '166 Patent, Anchor has suffered damages in an amount to be proven at trial.

17.     Anchor is without an adequate remedy at law and will be irreparably injured if the Court does not enter an order enjoining Mullinix from committing the acts of infringement complained of herein.

### Prayer for Relief

WHEREFORE, Anchor requests that the Court enter judgment in its favor and grant the following relief:

A.     Enter judgment that Mullinix has infringed the Asserted Patent;

B.     Award Anchor monetary damages in an amount sufficient to compensate Anchor for the harm caused by Mullinix's infringement;

C.     Award Anchor pre-judgment and post-judgment interest;

D.      Enter a permanent injunction enjoining Mullinix, its officers, directors, servants, managers, employees, agents, attorneys, successors, and assignees, and all persons in active concert or participation with any of them, from further infringement of the Asserted Patent;

E.      Award Anchor applicable supplemental monetary damages as an accounting for infringing sales not presented at trial;

F.      Award Anchor its reasonable attorneys' fees, expenses, and costs incurred in prosecuting this action; and

G.      Grant Anchor any additional or further relief that the Court finds just and proper.

Respectfully submitted,

EVANS & DIXON, LLC

/s/Benjamin M. Fletcher
Benjamin M. Fletcher, Mo. Bar No. 58309
Don V. Kelly, Fed. Bar No. 16769
Metropolitan Square
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: 314-621-7755
Facsimile: 314-621-3136